**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> BRUCE A. COLE; NANETTE H. COLE, <br><br> Defendants-Appellants. | No. 17-56196 <br><br> D.C. No. 2:12-cv-08024-AB-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted February 6, 2024 [**]

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Securities and Exchange Commission (SEC) brought a civil enforcement action against Bruce and Nanette Cole[1] for committing securities fraud. The Coles appeal the district court's judgment ordering them to disgorge the $904,167[2] they wrongfully received as a result of Bruce Cole's fraudulent actions. We have jurisdiction under 28 U.S.C. § 1291 and review a "district court's formulation of remedies under the Securities Act and the Exchange Act" for abuse of discretion. *SEC v. Husain*, 70 F.4th 1173, 1180 (9th Cir. 2023). We affirm in part, and vacate and remand in part.

1.      The district court did not err in granting summary judgment on the basis that Cole was collaterally estopped from relitigating the SEC charges for the first wire transfer of $700,000. In Missouri, Cole pleaded guilty to securities fraud, Mo. Rev. Stat. § 409.05-501, which encompassed the same fraudulent scheme as those charged in this case. Thus, the evidence and the claims are closely related. *See Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 830 (9th Cir. 2018). The state and federal charges have the same elements of (1) a material misrepresentation (2) in connection with a sale of securities. The Missouri statute has an additional mens

---

[1] Nanette Cole was included as a relief defendant for receiving ill-gotten gains from her husband, Bruce Cole.

[2] This amount was obtained through two separate wire transfers of $700,000 and $204,167. The district court also granted prejudgment interest in the amount of $119,885, making the final judgment $1,024.052.

rea of willfullness, *see* Mo. Rev. Stat. § 409.5-508(a), which is higher than Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 of the Exchange Act, *see Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1063 (9th Cir. 2000) (outlining recklessness as the scienter required for Section 10(b) or 17(a)(1)); *SEC v. Dain Rauscher, Inc.*, 254 F.3d 852, 856 (9th Cir. 2001) (outlining the scienter for Section 17(a)(2) and (3) is negligence). Although scienter is not an element of the Missouri securities fraud statute, *see State v. Dumke*, 901 S.W.2d 100, 104 (Mo. Ct. App. 1995), Missouri law requires that the defendant act with "a culpable mental state" as defined by Missouri statute section 562.016, *see id.* at 104–05. With respect to securities law, *willful* means "an act which is intentional with respect to the conduct." *Id.* at 104. "Therefore, [the state of Missouri] proved beyond a reasonable doubt the same issues the SEC needed to prove only by a preponderance of the evidence. There is no difference in the applicable legal standards that would affect the outcome of the civil case." *See Stein*, 906 F.3d at 830. Accordingly, Cole is estopped from challenging the facts established in the Missouri criminal case relating to the first wire transfer.

2.      The district court did not err in concluding that Cole's scheme to defraud violated Section 17(a), Section 10(b), and Rule 10b-5. "Liability under Section 10(b) and Rule 10b–5 . . . requires evidence of (1) a material

misrepresentation, (2) in connection with the purchase or sale of a security, (3) with scienter, (4) by means of interstate commerce." *See SEC v. Todd*, 642 F.3d 1207, 1215 (9th Cir. 2011). Section 17(a), Section 10(b), and Rule 10b-5 "forbid making a material misstatement or omission in connection with the offer or sale of a security by means of interstate commerce." *SEC v. Dain Rauscher, Inc.*, 254 F.3d 852, 856 (9th Cir. 2001). Here, the record supports the district court's conclusion that Cole perpetrated a fraudulent scheme. First, Cole materially misrepresented the creation of Ramwell Industrial to Memtek, which Cole never incorporated. Cole instructed a Mamtek employee to prepare invoices for the fictional company and submitted the invoices to the City of Moberly. When Mamtek received the requested payments from the City, he directed the funds be sent to his wife's account on behalf of Ramwell, despite his knowledge that his wife was not an agent of Ramwell, Ramwell did not exist, and the payments were not for any services performed. Second, Cole's use of the City's bonds to obtain the wire transfers "touche[d] upon or ha[d] some nexus with [a] securities transaction." *SEC v. Rana Rsch., Inc.*, 8 F.3d 1358, 1362 (9th Cir. 1993) (internal quotation marks and citation omitted). Third, Cole knew that his statements were false. Cole falsified a contract between Mamtek and Ramwell, and Cole knew that his wife was not an agent of Ramwell. Finally, the wire transfer took place by

4

means of interstate commerce through different banks and financial institutions in different states. Although "[m]ateriality and scienter are both fact-specific issues which should ordinarily be left to the trier of fact," *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1113 (9th Cir. 1989) (citations omitted), here, the "materiality is so obvious that reasonable minds could not differ," *Provenz v. Miller*, 102 F.3d 1478, 1489 (9th Cir. 1996) (cleaned up). Accordingly, the all of the elements of security fraud under Section 17(a), Section 10(b), and Rule 10b-5 have been met.

The Coles argue that the disgorgement of $204,167 was improper because it was for compensation for Bruce Cole's services. Although Brice Cole represented to Mamtek that the money was for services he personally performed, the record establishes that the money paid by the City were for services allegedly performed by Ramwell, not Bruce Cole, as outlined in the Ramwell invoice. The Coles do not provide any evidence, beyond speculation and Coles's self-serving statements, that payment for Bruce Cole's services were included in the Ramwell invoice. Thus, district court properly included the $204,167 in the disgorgement order.

3.      After the district court entered judgment in this case, the Supreme Court decided *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936 (2020). *Liu* makes it clear that "a disgorgement award [cannot] exceed a wrongdoer's net profits and is

awarded for victims is equitable relief permissible under § 78u(d)(5)." *Id.* at 1940. Although the district court ultimately did not award disgorgement in excess of the amounts obtained by the Coles' underlying fraud, it is unclear whether the recovered money was properly directed to the victims rather than the SEC. *See id.* at 1948–49 (noting that "[i]t is an open question whether, and to what extent, [the SEC's practice of depositing disgorgement funds with the Treasury when it is infeasible to distribute the funds to the investors] nevertheless satisfies the SEC's obligation to award relief 'for the benefit of investors' and is consistent with the limitations of § 78u(d)(5)"). Thus, to the extent that the district court's disgorgement order was not in accordance with *Liu*, we vacate and remand for the district court to ensure that the amount awarded and its distribution is in accordance with *Liu*.

4. The district court did not abuse its discretion in rejecting the Coles's claims concerning discovery issues. *See Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). The Coles never filed a motion under Federal Rule of Civil Procedure 56(d), and it appears from the record that they did obtain the discovery requested, after which the district court granted additional time to respond to the SEC's motion. The Coles do not explain on appeal "what other specific evidence it hope[ed] to discover [or] the relevance of that evidence

6

to its claims." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018). Nor do they suggest what facts exist that would have precluded summary judgment. *See id.* Accordingly, the Coles have failed to establish that the district court abused its discretion.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED and REMANDED in part.**